UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RREF II DEU ACQUISITIONS, LLC | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 1:19-cv-1805 |
| | ) | |
| v. | ) | |
| | ) | |
| NEW INDIANAPOLIS HOTELS, LLC, | ) | |
| NEPTUNE HOTELS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S COMPLAINT TO AVOID FRAUDULENT TRANSFERS

Plaintiff, RREF II DEU Acquisitions, LLC ("Plaintiff"), states its Complaint to Avoid

Fraudulent Transfers against Defendants, New Indianapolis Hotels, LLC ("New Indianapolis")

and Neptune Hotels, LLC ("Neptune"), as follows:

1.      Plaintiff is a Delaware limited liability company and a citizen of the State of

Delaware, with its principal office located at 790 Northwest 107th Avenue, Suite 400, Miami,

Florida 33172. The sole member of the Plaintiff is RREF 2013-RIAL4, LLC, which is a Delaware

limited liability company. The sole member of RREF 2013-RIAL4, LLC is Rialto Real Estate

Fund II, LP, which is a Delaware limited partnership.

2.      New Indianapolis is a Georgia limited liability company and a citizen of the State

of Georgia, with its principal office located at 1540 Highway 138 SE, Suite 4G, Conyers, Georgia

30013.

3.      Neptune is a Georgia limited liability company and a citizen of the State of Georgia,

with its principal office located at 1540 Highway 138 SE, Suite 4G, Conyers, Georgia 30013.

20070167

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), as it is between citizens of different states and the amount in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

5.      This Court is the proper venue for this action, as it arises from disputes between Plaintiff and New Indianapolis under contracts relating to certain real estate located in Indianapolis, Indiana, and pursuant to which the parties stipulated to this Court as a proper venue for this action.

6.      New Indianapolis was the owner in fee simple of certain real estate located in Indianapolis, Indiana, commonly known as 2311 Shadeland Avenue, Indianapolis, Indiana 46219, which is more fully described in Exhibit A, which is attached hereto and incorporated herein by reference (the "Real Estate").

7.      On December 4, 2007, Wells Fargo Bank, National Association ("Wells Fargo") extended credit (the "Loan") to New Indianapolis under a certain Promissory Note secured by a mortgage dated December 4, 2007, in the principal sum of seven million seven hundred twenty thousand and 00/100 Dollars ($7,720,000.00) (the "Note").  A true and correct copy of the Note is attached hereto as Exhibit B, and is incorporated herein by reference.

8.      New Indianapolis's obligations under the Note were secured by that certain Mortgage and Absolute Assignment of Rents and Leases and Security Agreement Against Real Estate, dated December 4, 2007, executed by New Indianapolis in favor of Mortgage Electronic Registration Systems, Inc., a Delaware corporation, a mortgagee in its capacity as nominee for Wells Fargo ("MERS"), and recorded with the Marion County Recorder's Office on December 6, 2007, as Instrument No. 2007-0169901 (the "Mortgage").  A true and correct copy of the Mortgage is attached hereto as Exhibit C, and is incorporated herein by reference.

2

20070167

9.      Pursuant to the Mortgage, MERS filed a Fixture Filing with the Marion County Recorder's Office on December 12, 2007, as File No. 003279 (the "Fixture Filing").  A true and correct copy of the Fixture Filing is attached hereto as Exhibit D, and is incorporated herein by reference.

10.     Pursuant to the Mortgage, MERS filed a UCC-1 Financing Statement with the Superior Court of Barrow County, Georgia, on December 12, 2007, as File No. 007-2007-52236 (the "Financing Statement").  A true and correct copy of the Financing Statement is attached hereto as Exhibit E, and is incorporated herein by reference.

11.     New Indianapolis's obligations under the Note are further secured by that certain Assignment and Leases and Rents Against the Real Estate, dated December 4, 2007, executed by New Indianapolis in favor of MERS, and filed with the Marion County Recorder's Office on December 6, 2007, as Instrument No. 2007-0169902 (the "Assignment of Leases and Rents").  A true and correct copy of the Assignment of Leases and Rents is attached hereto as Exhibit F, and is incorporated herein by reference.

12.     On April 1, 2011, MERS assigned the Mortgage to Wells Fargo by executing that certain Assignment of Mortgage, dated April 1, 2011, and filed with the Marion County Recorder's office on April 12, 2011, as Instrument No. A201100032689, a true and accurate copy of which is attached hereto as Exhibit G, and incorporated herein by reference.

13.     On April 1, 2011, MERS assigned the Assignment of Leases and Rents to Wells Fargo by that certain Assignment of Leases and Rents dated April 1, 2011, and recorded with the Marion County Recorder's Office on April 12, 2011, as Instrument No. A201100032690, a true and accurate copy of which is attached hereto as Exhibit H, and incorporated herein by reference.

3

20070167

14.     As used herein the term "Loan Documents" shall collectively mean the Note, Mortgage, and Assignment of Leases and Rents.

15.     On April 1, 2011, Wells Fargo assigned the Loan Documents to German American Capital Corporation ("German American"), as evidenced by the Omnibus Assignment and Assumption of Loan Documents, dated April 1, 2011, a copy of which is attached hereto as Exhibit I, and is incorporated herein by reference.

16.     The Assignment of the Note is further evidenced by an Allonge, executed by Wells Fargo in favor of German American, dated April 1, 2011, a true and accurate copy of which is attached hereto as Exhibit J, and which is incorporated herein by reference.

17.     The Assignment of the Mortgage is further evidenced by an Assignment of Security Instrument, dated April 1, 2011, executed by Wells Fargo in favor of German American, and recorded with the Marion County Recorder's office on April 12, 2011, as Instrument No. A201100032691, a true and accurate copy of which is attached hereto as Exhibit K, and which is incorporated herein by reference.

18.     The Assignment of Leases and Rents is further evidenced by an Assignment of Assignment of Leases and Rents, dated December 1, 2014, executed by Wells Fargo in favor of German American, and recorded with the Marion County Recorder's Office on December 4, 2014, as Instrument No. A201400117121, a true and accurate copy of which is attached hereto as Exhibit L, and incorporated herein by reference.

19.     On November 22, 2013, German American assigned the Note, Mortgage, Assignment of Leases and Rents to Plaintiff by executing that certain Assignment of Loan and Loan Documents in favor of Plaintiff dated November 22, 2013, a true and accurate copy of which is attached hereto as Exhibit M, and which is incorporated herein by reference.

20070167

20.     The Assignment of the Note to Plaintiff is further evidenced by an Allonge, executed by German American in favor of Plaintiff, a true and correct copy of which is attached hereto as Exhibit N, and which is incorporated herein by reference.

21.     The Assignment of (1) the Mortgage and (2) the Assignment of Leases and Rents are further evidenced by Assignment of Mortgage and Absolute Assignment of Rents and Leases and Security Agreement, dated November 22, 2013, executed by German American in favor of Plaintiff, and recorded with the Marion County Recorder's Office on January 22, 2014, as Instrument No. A201400005190, a true and accurate copy of which is attached hereto as Exhibit O, and incorporated herein by reference.

22.     In addition, Plaintiff recorded an updated Fixture Filing with the Marion County Recorder's Office on January 29, 2014, as File No. 0201400000084, a true and correct copy of which is attached hereto as Exhibit P, and which is incorporated herein by reference.

23.     In addition, Plaintiff filed an updated Financing Statement with the Superior Court of Newton County, Georgia, on February 11, 2014, as File No. 107-2014-0000050, a true and correct copy of which is attached hereto as Exhibit Q, and which is incorporated herein by reference.

24.     During 2016, at times when the Plaintiff's claims against New Indianapolis were due and at times when New Indianapolis was in default of the Loan Documents, New Indianapolis made transfers of funds from its bank accounts to Neptune for no consideration, as follows:  One Hundred Thousand Dollars ($100,000.00) on July 1, 2016; and Sixty-Six Thousand Dollars ($66,000.00) on September 23, 2016 (collectively the "Neptune Transfers").

25.     At the time of the Neptune Transfers, Plaintiff held a security interest in all of New Indianapolis' leases, rents and profits, pursuant to the Loan Documents.

20070167

26.     The Neptune Transfers were made for the purpose of avoiding and frustrating New Indianapolis' debts to Plaintiff, and to unjustly enrich Neptune.

27.     The Neptune Transfers were made by New Indianapolis with the actual intent to hinder, delay or defraud creditors, including the Plaintiff.

28.     The Neptune Transfers were made by New Indianapolis without receiving reasonably equivalent value in exchange, and with knowledge that it would incur debts beyond its ability to pay as such debts became due.

29.     The Neptune Transfers were made by New Indianapolis without receiving reasonably equivalent value in exchange, and at a time when it was engaged in business or transactions for which its remaining assets were unreasonably small in relation to such business or transaction.

30.     The Neptune Transfers were made by New Indianapolis without receiving a reasonably equivalent value in exchange, and at the time of such transfers New Indianapolis was insolvent or became insolvent as a result of such transfers.

31.     The Neptune Transfers conferred measurable benefits on Neptune in the amounts of those transfers.

32.     The Neptune Transfers by New Indianapolis to Neptune are fraudulent and in violation of Indiana Code 32-18-2-1 *et seq*., and Neptune was wrongfully enriched to the detriment of Plaintiff, and its retention of the Neptune Transfers is unjust.

WHEREFORE, Plaintiff, RREF II DEU Acquisitions, LLC, respectfully requests that the Court enter judgment in its favor, and against Defendants, New Indianapolis Hotels, LLC, and Neptune Hotels, LLC, as follows:

20070167

(a)     A judgment that New Indianapolis Hotels, LLC, violated the Indiana Uniform Fraudulent Transfer Act, Ind. Code 32-18-2-1 *et seq.*, by making the Neptune Transfers;

(b)     A judgment against Neptune Hotels, LLC, that it was unjustly enriched by receiving the Neptune Transfers from New Indianapolis Hotels, LLC;

(c)     A judgment avoiding the Neptune Transfers made by New Indianapolis Hotels, LLC, to Neptune Hotels, LLC;

(d)     A judgment for the attachment of the fraudulently-transferred assets and funds to Neptune Hotels, LLC, for the benefit of the Plaintiff;

(e)     A judgement for attorneys' fees and costs incurred by Plaintiff in pursuing this action; and

(f)     That the Court award all additional just and appropriate relief.

Respectfully submitted,

 */s/ Grantland M. Clapacs*
Grantland M. Clapacs, #18576-53

*Attorney for Plaintiff,*
*RREF II DEU Acquisitions, LLC*

BINGHAM GREENEBAUM DOLL LLP
2700 Market Tower
10 W. Market Street
Indianapolis, IN  46204
317.635.8900
317.236.9907 (Facsimile)
gclapacs@bgdlegal.com

20070167